*1171 OPINION.
McMahon :
On his income-tax return for 1923 decedent deducted $900, and on his income-tax return for 1925 he deducted $1,292.90, as a business expense for the respective years. No canceled checks, receipts or bookkeeping entries of any kind were presented in evidence. The testimony relating to these items is uncertain, indefinite and unsatisfactory. However, witnesses testified that the amounts *1172 in question were spent for entertainment for business purposes, and that decedent visited his places of business at least six times a year, each trip costing approximately $25 to $75.
Under the decision of Cohan v. Commissioner, 39 Fed. (2d) 540, which requires the making of as close an approximation as can be where the evidence discloses an allowable deduction, although no records are kept and a mere estimate of the amount so expended is made, we hold that the respondent erred in disallowing such deductions in toto, and that an amount of $750 was properly allowable as a deduction from gross income in each of the years 1923 and 1925. R. P. Shea, 24 B. T. A. 798. See also A. F. Rees, 21 B. T. A. 698.
It is alleged in the petition that in the income-tax returns of both 1924 and 1925, the decedent deducted as a business expense an item of $400 alleged payment of compensation insurance premium and that the decedent received a dividend of $84 in 1924 and a dividend of $56.25 in 1925. A. J. Dahl, who testified that he was familiar with the books of account, stated that the debit item of $400 in each of the years 1924 and 1925 was a deposit paid to the insurance company to apply on the annual premium and that a rebate was paid by the insurance company at the end of the year upon ascertainment of the correct amount of premium due, and that no id art of such premium was paid by or collected from the employees of the decedent. In 1924, as shown on the insurance account, a total of $714.51 was paid as premium on compensation insurance, and in 1925, a total of $643.33. In 1924 a dividend of $84 was received by the decedent and a rebate of $11.80, although this apparently was a rebate on 1919 and 1920 premiums. In 1925 a dividend of $56.25 was received.
The respondent in his brief calls attention to entries on the insurance account shown as credits from employees, and states that the record does not show what agreement the decedent had with employees relative to reimbursing him for this insurance. It was testified that no part of the compensation insurance premium was paid by employees, and it is to be noted that the insurance account discloses that the decedent paid amounts to the Aetna Life Insurance Company as premiums on “ employees’ insurance.” In view of the positive and undisputed testimony and such account, in our opinion, these credits from employees were not credits against the debits representing compensation insurance premiums. The amount deducted for insurance on the 1925 income-tax return of the decedent, when compared with the account, discloses that he deducted the net premium paid on all insurance, thus allowing for such credits.
In his brief the respondent states that an entry on the insurance account in 1923 shows that the premium of $248 paid in that year covered' a period ending October 1, 1924, and that on an accrual basis the decedent would be entitled to deduct only premiums paid *1173 for insurance applicable to the taxable year. No issue was raised as to this item in 1923. No evidence was presented to show on what basis the books of account of the decedent were kept. The deduction of “ Notes Receivable and Accounts Receivable ” as listed in the bad debt schedule attached to the taxpayer’s 1925 income-tax return indicates an accrual basis of accounting. Bartles-Scott Oil Co., 2 B. T. A. 16. The payment of premium in October each year and the entry in 1923 indicate that the premium covered a period from October 1 to the last day of September of the next year. The insurance premium, together with dividends and rebates, should therefore be adjusted accordingly and deduction of net amounts of premiums applicable to the taxable years respectively should therefore be allowed.
Section 214 (a) of the Revenue Act of 1921 provides that in computing net income a reasonable allowance for salaries or other compensation for-personal services actually rendered may be deducted. In 1924 the decedent employed his two sons to conduct the Kenosha agency, agreeing to pay $300 a month and one-third of the net profits to each. One son, Victor Dahl, received $3,600 as salary, and $7.-603.22, being one-third of the net profits. The other son, A. J. Dahl, did not arrive in Kenosha until the latter part of May and received $300 for seven months, or $2,100, and one-third of the net profits, or $7,603.22. Whether or not an actual contract existed and whether or not the contract of employment was legally enforceable against the decedent, does not determine the reasonableness of the compensation. The testimony relative to the nature of services, the prior experience of the sons as executives, and the ability of the sons generally, was meager, indefinite and uncertain. No testimony was given to show an increase in business in 1925 due to the efforts and services of the sons.
In view of the testimony presented, the respondent’s determination that $10,000 was a reasonable allowance for salary for the two sons in 1925 is approved.
Section 214 (a) of the Revenue Act of 1921 provides that debts ascertained to be worthless and charged off within the taxable year may be deducted in computing not income. In disallowing for the year 1925 a deduction in the amount of $2,514.14, representing alleged bad debts charged off at the Westby Garage, in our opinion, the Commissioner was correct. Harry Dahl was positive in his statements that the accounts were no good, of long standing, that the decedent knew they were no good prior to 1925, and that they should have been charged off prior to 1925. Where all the facts and circumstances upon which the determination of worthlessness could be based had existed without change for years prior to the *1174 taxable year and were fully known to the taxpayer, taxpayer is not entitled to the deduction claimed in the taxable year. Ralph H. Cross, 20 B. T. A. 929; Russo Fruit Co., 23 B. T. A. 1880. No testimony was given and no bookkeeping entries were presented to show that the accounts were actually charged off within the taxable year.
The determination of the respondent in disallowing the deduction of this item ⅛ therefore approved.
As to the items paid for improvements on the Market Street property in the total amount of $2,177.52, the testimony and" facts warrant us in holding that these items are capital expenditures, rather than current expense, and are depreciable over the life of the lease thereon.
As to the item of $250 paid in 1925 for moving into the building leased for five years and included in the amount of $2,427.52 alleged to represent items properly chargeable to rent, in our opinion it is a necessary business expense item and therefore is an allowable deduction.
There remains one more disputed item, the amount of $132.35 expended by the decedent in 1925 for equipment for a baseball team, known as the Dahl Fords, which provided a source of publicity for the Kenosha agency. Although part of the equipment was carried over from year to year, it appears that the amount carried over was negligible, the equipment in fact lasting only for a season. We are of the opinion that this item should be allowed as an ordinary and necessary business expense deduction in the year when expended.

Judgment will be entered under Rule 60.